UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA D. RAJAPAKSE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-3369 (UNA) |
| UNITED STATES *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter, brought *pro se*, is before the court on review of Plaintiff's amended complaint, ECF No. 4, and amended application to proceed *in forma pauperis*, ECF No. 5. The application will be granted, and the case will be dismissed for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Sovereign immunity bars a suit against the United States except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Additionally, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff sues under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), Am. Compl. at 2, which recognizes an implied cause of action for damages against federal officials alleged to have violated constitutional rights, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, (2001). Although the named defendants are the United States and U.S. Attorney General Merrick Garland, the complaint, to the extent intelligible, alleges due process violations, criminal acts, and unethical conduct by federal judges who presided over Plaintiff's cases in multiple jurisdictions outside of this judicial district. *See* Am. Compl. at 2-3, 7-15. Therefore, Garland is presumed to be sued in his official capacity and thus not a proper *Bivens* defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (In *Bivens* actions, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Nevertheless, Plaintiff asserts that she is an African American who "has been fighting the United States Government since 2007 in upholding her right to petition the court against those who have violated [federal] laws and the United States Constitution." Am. Compl. at 2. Allegedly, "[t]his fight has exposed the government having a secondary standard for those who are pro se (African Americans) without counsel seeking relief." *Id*. Plaintiff seeks an investigation to "restore her Constitutional rights" and damages "not to exceed $75,000 for emotional distress[.]" *Id*. at 18. Because Congress has not waived the United States' immunity from suit for damages predicated on constitutional violations, *FDIC v. Meyer*, 510 U.S. 471, 477 (1994), jurisdiction is lacking over the claim for monetary relief.

With respect to the claim best construed as seeking an investigation of the manner in which the courts have handled Plaintiff's *pro se* cases, it is established that equitable relief is not available when there is "an adequate remedy at law," such as appellate review of Plaintiff's claims by the appropriate court of appeals. *Hill v. Traxler*, 550 Fed. App'x 1, 2 (D.C. Cir. 2013) (per curiam)

(collecting cases)).  In any event, the U.S. Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995), and as a general rule applicable to the insubstantial claims alleged here, such decisions are not subject to judicial review, *id*. at 1480-81; *cf. Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (a complaint against judges who have "done nothing more than their duty" is "a meritless action"); *accord Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts").  Consequently, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
United States District Judge

DATE: March 8, 2022